IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAICOURRIE FINLEY, PRO SE, § | |
| also known as § | |
|    JAICOURRIE DEWAYNE FINLEY, § | |
| also known as MATTHEW MacCALLISTER, § | |
| TDCJ-CID No. 1354674, § | |
| § | |
|    Plaintiff, § | |
| § | |
| v. § | 2:11-CV-0134 |
| § | |
| MARK C. HALL and § | |
| BRAD LIVINGSTON, § | |
| § | |
|    Defendants. § | |

**REPORT AND RECOMMENDATION**

Plaintiff JAICOURRIE FINLEY, acting pro se and while a prisoner confined in the custody of the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against sixty-nine defendants employed by or otherwise associated with the Texas Department of Criminal Justice and requesting permission to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

Plaintiff JAICOURRIE FINLEY has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause no. 5:09-CV-0146 was dismissed with prejudice as frivolous on March 15, 2011, by the U.S. District Court for the Eastern District of Texas, Texarkana Division, and the appeal was dismissed October 24, 2011. Cause no. 2:10-CV-0073 was dismissed with prejudice as frivolous on August 3, 2010, by the United States District Court for the Northern District of Texas, Amarillo Division, and the appeal was closed November 19, 2010. Cause no. 1:10-CV-421 was dismissed for failure to state a claim on which relief could be granted, as frivolous, and for want of jurisdiction by the United States District Court for the District of Hawaii. With respect to Cause no. 1:10-CV-421, *Finley v. Rivas*, the Court notes that plaintiff says he represented to the United States Court of Appeals for the Ninth Circuit that he had not filed or authorized filing of that lawsuit and was assured by the Ninth Circuit that no strikes were entered in that action and he had not been assessed any fee for his appeal.

*Finley v. Rivas* was dismissed by the Hawaii district court for failure to state a claim, as frivolous, and for lack of jurisdiction. The Hawaii district court expressly informed plaintiff the dismissal qualified as a"strike" under the PLRA. That dismissal was not reversed and the Ninth Circuit dismissed the appeal for lack of jurisdiction. The Court recognizes that, in its Order denying a motion construed as a motion for reconsideration, the Ninth Circuit informed plaintiff no strikes were entered "in this" action and he had not been assessed any fees for the appeal. The Ninth Circuit did not enter a strike for the appeal. To the extent plaintiff is arguing the Ninth Circuit also removed the strike by the Hawaii District Court, plaintiff's argument is without merit. First, in the absence of jurisdiction to address plaintiff's appeal, the Ninth Circuit did not alter the ruling of the district court below. Secondly, the Ninth Circuit did not reverse

the District Court ruling in 1:10-CV-421. 1:10-CV-421 was dismissed for reasons which, under the statute, defined a "strike." That finding has not been vacated.

Moreover, a review of plaintiff's conduct in other litigation supports this Court's determination that 1:10-CV-421 must be treated as a "strike" in this Circuit. Plaintiff has established a secure reputation as a recreational litigant. A search of his filings throughout the United States federal court system reveals he has filed approximately 67 habeas and civil rights cases from October 6, 2009 to the present. Many of plaintiff's civil rights cases consist of allegations of sexual assault by various public figures and prison officials. *See, e.g., Finley v. Hudson, et al.*, 5:09-CV0-0146 in the United States District Court for the Eastern District of Texas, Texarkana Division; *Finley v. Livingston et al.*, 2:10-CV-73 in the United States District Court for the Northern District of Texas, Amarillo Division; *Finley v. Biden, et al.*, 1:10-CV-165 in the United States District Court for the Western District of Texas, Austin Division; *Finley v. Rivas et al.*, 1:10-CV-421 in the United States District Court for the District of Hawaii; and *Finley v. Perry et al.*, 1:2010-CV-4209 in the United States District Court for the Southern District of New York.

While plaintiff has stated[1] that *Finley v. Biden* and *Finley v. Perry* were dismissed at his request when he represented to the District Judges in those cases that he had not filed or authorized their filings, review of the pleadings in *Finley v. Biden* reveals no such representation. Plaintiff merely asked leave to withdraw his complaint. That request is contained in his May 15, 2010 Motion to Amend Complaint & Motion for Conditional Voluntary Dismissal in which plaintiff sought to replace his complaint of sexual assault by a multitude of public figures,

---

[1] June 21, 2011 Motion to District Judge in cause no. 2:10-CV-0212

including Vice President Joe Biden, with a complaint of sexual assault by Governor Rick Perry. As an alternative, plaintiff requested voluntary dismissal, which was granted.

As to any representation by plaintiff that he did not author[2] and did not file the lawsuits discussed above, this would have required that plaintiff fail to notice his own name peppered throughout the pleadings he admits he wrote and to have signed his own name to documents he admits he wrote but claims he did not read. The courts need not facilitate abuse of the judicial system by ignoring the obvious. Plaintiff's representation that litigation in these causes was conducted for months on end without his knowledge of their existence with pleadings in handwriting identical to his own is not credible.

In addition, the United States District Court for the Eastern District of Texas, Texarkana Division, after detailing plaintiff's long history of abuse of judicial resources and repeatedly filing legal claims over "preposterous or nonexistent events," sanctioned[3] plaintiff in an attempt to reduce the number of his pleadings and improve their quality. The United States District Court for the Eastern District of Texas, Texarkana Division ordered to Clerk to accept no further lawsuits from plaintiff unless accompanied by a motion for leave to file such new lawsuit or petition explaining why it is not frivolous and showing good cause for the Court to accept and file it. The United States District Court for the Eastern District of Texas, Texarkana Division also required that each such motion be accompanied by copies of answered Step One and Step Two grievances showing exhaustion of the grievance procedure.

---

[2] Plaintiff has stated to this Court that he merely wrote out pages for another inmate who was filing lawsuits and wanted plaintiff to write them for him because plaintiff had such good handwriting.

[3] See the August 1, 2011 Memorandum Adopting Report and Recommendation of the United States Magistrate Judge and Denying Plaintiff's Motion for Relief from Judgment, document no. 129 on the docket in Cause no. 5:09-CV-0146 in the United States District Court for the Eastern District of Texas, Texarkana Division.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff JAICOURRIE FINLEY has sustained three "strikes" while a prisoner and may not continue to proceed in forma pauperis in this case nor may he proceed as a pauper in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g).  Review of the complaint shows that the grounds presented in this suit do not fall within the statutory exception.

Because plaintiff has already sustained "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

Permission to proceed *in forma pauperis* is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 29th day of March, 2012.

    _____
    CLINTON E. AVERITTE
    UNITED STATES MAGISTRATE JUDGE

## * **NOTICE OF RIGHT TO OBJECT** *

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).